74 So.2d 920

**C. C. PRITCHETT**

v.

**Sara PRITCHETT.**

7 Div. 174.

Supreme Court of Alabama.

Oct. 7, 1954.

Dempsey & Hardegree, Ashland, for appellant.

Merrill & Merrill, Heflin, for appellee.

CLAYTON, Justice.

This is an appeal by C. C. Pritchett, plaintiff below, who in a statutory action of detinue sought to recover from Sara Pritchett a sawmill and equipment connected therewith.

Prior to December, 1949, C. C. Pritchett was living with his brother, W. B. Pritchett, and W. B. Pritchett's then wife, Sara Pritchett, the appellee. At that time, W. B. Pritchett left his wife and children, leaving at the home the property the subject of this suit. Presumably, the plaintiff, C. C. Pritchett, left the home at or about the same time. Evidence for the defendant was her own testimony that her former husband (a divorce had been granted her and the husband had remarried before the trial of the present case) upon leaving had told her he was giving the property to her, and she could use it or sell it and devote the proceeds to the maintenance of herself and children.

Evidence for the plaintiff, as testified by himself and W. B. Pritchett, was that W. B. Pritchett had owed money to C. C. Pritchett and turned the property over to C. C. Pritchett in October, 1949, for the debt, at a time when they were living in the house together; that this conversation occurred in the presence of Sara Pritchett and she made no objection thereto. No bill of sale or other written memorandum was made, and the property remained in the same location at the house occupied by the defendant from some date prior to October, 1949, until this suit was filed. Sara Pritchett denied that any such conversation or transaction happened.

Thus was posed a question for the jury to decide, Ala.Dig., Trial, ☞143, and the jury chose to believe the defendant, and returned its verdict accordingly.

Counsel for appellant, having entered the case after appeal was taken, very carefully assign as error all matters to which exceptions were reserved on the trial, and we now consider them.

■ Assignment No. 1 relates to the sustaining of defendant's objection to a question asked plaintiff's witness Harwood:

"I'll ask you Mr. Harwood, whether or not there was a statement made by you, by Mr. W. B. Pritchett and Mr. C. C. Pritchett, that this property was really being bought for Mr. C. C. Pritchett?"

This question is objectionable because it is leading, it refers to a conversation outside the presence of the defendant, it calls for hearsay evidence, it seeks to bolster plaintiff's case by his own self-serving declaration, and for other reasons.

■ Assignment No. 2 claims error in overruling plaintiff's objection to the question by defendant propounded to witness W. B. Pritchett:

"And you told her you were in love with another woman and you were going to leave her?"

The witness answered, "No," so no injury thereby could have resulted to the plaintiff.

■ Assignments Nos. 3, 4 and 5, assign error in overruling plaintiff's objection to questions propounded to the defendant asking the number and ages of her children. The answers tended to support defendant's claim to the property and statement that her husband gave the property to her for the support of her children, of whom he was the father, and thus are free from error.

■ Assignment No. 6 deals with a conversation between the defendant and her

then husband relative to his giving her the property upon leaving her. Plaintiff objected to defendant's injecting into her testimony statements about her husband and another woman, as being an attempt to prejudice the jury against the plaintiff. The court ruled with the plaintiff in each instance, so he has no cause to complain. No motion for mistrial was made.

 Assignment No. 7 assigns error in sustaining defendant's objection to the following question propounded to the defendant by the plaintiff:

"You did shoot his leg off, didn't you?"

This inquiry bore no relation to the question before the court to be decided, but concerned an alleged altercation between the witness and her former husband, who was not a party to the present suit. It was entirely irrelevant here and was not competent testimony under any theory of the case.

Assignment No. 8 relates to the refusal of the trial court to allow the plaintiff to introduce in evidence the final decree in the divorce case of Sara F. Pritchett v. W. B. Pritchett, in Equity, dated January 24, 1951. The present suit was pending when that decree was rendered. It was a decree of divorce between Sara Pritchett and W. B. Pritchett. The plaintiff in the present suit was not a party or privy to that suit, and the decree contained no provisions relative to the title to the property involved in the suit now at bar. That decree was neither relevant nor material here and was not admissible in this case.

Assignment No. 9 assigns error in the overruling of plaintiff's objection to defendant's question to the witness C. C. Pritchett, asking how much money he paid for certain lands bought by him. He had testified that the consideration for the alleged transfer by W. B. Pritchett to him of title to the property sued for in the instant case was a debt of some $8,000 for money which he claimed to have loaned W. B. Pritchett out of savings from his wages during a period of several years. As evi-

dence against this testimony, defendant had undertaken to show that C. C. Pritchett was a young man whose earnings were too small for him to have been able to save any such sum during the stated period of time. The question objected to tended to support defendant's position on this question by showing that C. C. Pritchett had spent part of his earnings during the period in the purchase of other property, and thereby made his claim of the loan less plausible. The assignment is without merit.

Assignment No. 10 related to the trial court's refusal to give the affirmative charge for the plaintiff, and Assignments Nos. 11 and 12 referred to his overruling plaintiff's motion for a new trial. They are not well taken. The case was short and simple, and plainly a question of fact which was a matter for decision by the jury. Ala.Dig., Trial, ⊙143, supra. It will not be disturbed here. Ala.Dig., Appeal and Error, ⊙1002.

No error prevailed in the trial and the case is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.